United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN RAMON SALAZAR CERVANTES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03026 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Juan Ramon Salazar Cervantes, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention. Doc. No. 1.

The petition and summary judgment evidence reflect that Petitioner has not been admitted to the United States and, therefore, is an applicant for admission under 8 U.S.C. § 1225(b) subject to mandatory detention. *See* Doc. Nos. 1 at 7, 1-1 at 38; Doc. Nos. 9-1, 9-2. The Fifth Circuit's holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026), and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory or due process grounds.

In addition, Petitioner's Fourth Amendment claims regarding his arrest and detention cannot succeed in this habeas proceeding because § 1225(b) provides Respondents' lawful authority to detain him. *See Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *3–4 (S.D. Tex. Apr. 10, 2026) (rejecting petitioner's Fourth Amendment claims regarding arrest and detention) (citing *Ordonez v. Frink*, No. 4:25-CV-06386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026)).

Finally, the petitioner's claims regarding the procedures used for his arrest under the *Accardi* doctrine[1] fail. The regulation he invokes, 8 C.F.R. § 287.8, does not provide a cause of action in federal court because § 287.12, outlining the scope of part 287, provides, in relevant part: "These regulations do not, are not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." 8 C.F.R. § 287.12. Therefore, his claims under the *Accardi* doctrine are unavailing.

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' motion for summary judgment (Doc. No. 9) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
3. Petitioner's motion for counsel to withdraw (Doc. No. 21) is **GRANTED.**

---

[1] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).

4. Petitioner's pending motions (Doc. Nos. 6, 10, 11, 15, 18, 20) are **DENIED**.

5. All other pending motions, if any, are **DENIED as MOOT**.

6. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED this 2nd day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE